# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

MARCO ANTONIO R. Z.,

        Petitioner,

v.

DAVID EASTERWOOD, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; DAVID J. VENTURELLA, *Acting Director, U.S. Immigration and Customs Enforcement*; TODD BLANCHE, *Acting Attorney General of the United States*; and ERIC TOLLEFSON, *Kandiyohi County Sheriff*,[1]

        Respondents.

Case No. 26-cv-3028 (LMP/DJF)

**ORDER DISMISSING
HABEAS PETITION AS MOOT**

---

Gloria Leticia Contreras Edin, **Contreras Edin Law, PA, St. Paul, MN**, for Petitioner.

Pedro del Valle, IV, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

        Petitioner Marco Antonio R. Z. brought this petition for a writ of habeas corpus on June 19, 2026.  ECF No. 1. The Court ordered the Government to respond to the petition

---

[1]     When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents.  Respondent Eric Tollefson, the Kandiyohi County Sheriff, has not participated in these proceedings.

no later than June 29, 2026, with any reply from Marco[2] due by July 6, 2026.  ECF No. 4.

The Government provided timely briefing, ECF No. 5, and on July 6, 2026, Marco

informed the Court that his petition had become moot because the Government released

him from custody on July 2, 2026, ECF No. 7.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for

purposes of Article III—'when the issues presented are no longer "live" or the parties lack

a legally cognizable interest in the outcome.'"  *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91

(2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)).  As a general

rule, a habeas petition seeking a petitioner's release becomes moot if the petitioner is

released from custody during the pendency of the habeas proceedings.  *See Lesum v.*

*Sessions*, No. 18-cv-1340 (JRT/BRT), 2018 WL 5303878, at *1 (D. Minn. Oct. 5, 2018),

*report and recommendation adopted*, 2018 WL 5303042 (D. Minn. Oct. 25, 2018).  Here,

Marco's petition sought his release, ECF No. 1 at 36, a remedy which he has now been

awarded.  And although exceptions to the mootness doctrine exist in the habeas context,

*see Mohamed v. Lynch*, No. 15-cv-2726 (JRT/LIB), 2016 WL 563164, at *3 (D. Minn.

Jan. 26, 2016), *report and recommendation adopted*, 2016 WL 593512 (D. Minn. Feb. 12,

2016), no party contends that the exceptions apply in this case.  Accordingly, the petition

is now moot and must be dismissed.  *See Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611

---

[2]    The Court uses the petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases.  No disrespect is intended in doing so.

(8th Cir. 2003) ("When an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action.").

## ORDER

Accordingly, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Marco Antonio R. Z.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 7, 2026                           *s/Laura M. Provinzino*
                                                       Laura M. Provinzino
                                                       United States District Judge

3